

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00032-CR

PHILLIP JEROME SIMMONS                                                              APPELLANT

V.

THE STATE OF TEXAS                                                                          STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Phillip Jerome Simmons, a fuel driver, pled guilty to theft of property (gasohol and fuel oil) valued in the aggregate at $200,000, pursuant to a single scheme or continuing course of conduct, and the trial court convicted him and sentenced him to twenty years' confinement.

In one issue, Appellant contends that the trial court erred by denying his motion for continuance.  Because we hold that Appellant abandoned his

---

[1]See Tex. R. App. P. 47.4.

complaint by signing a written waiver of his pretrial motions and appeal in conjunction with his guilty plea, we overrule his issue and affirm the trial court's judgment.

Ten days before trial, the State disclosed *Brady*[2] evidence, which was a statement by a handwriting analyst hired by the complainant's retained counsel. The handwriting expert had concluded that he was unable to determine whether Appellant had signed the relevant bills of lading. Four days before trial, the State disclosed further *Brady* evidence, the criminal history of two witnesses. The following day, the State filed another notice of *Brady* evidence: the facts that (1) Detective Waller of the Dallas Police Department had stated that he did not pursue charges against Appellant because the handwriting expert was unable to offer an opinion regarding the signature on the bills of lading and (2) a 2004 theft of fuel case against Appellant in Houston had been classified as "unfounded" because the fuel pull had occurred in Pasadena, not Houston.

On the day of trial, the State filed a fourth supplemental notice of *Brady* evidence. In it, the State disclosed the following:

- Rafiq Merchant denied knowing Appellant but later identified him in a photo lineup as the person from whom he had purchased fuel;

- Mary Simmons had told Landmark Chevrolet that she and Appellant were purchasing a Corvette with cash because they were owners and operators of a truck;

---

[2]*Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

2

- Ali Shajhan had testified before the grand jury that he did not know Appellant, but the phone number of the person from whom he had bought the gasoline was Appellant's;

- Rafiq Manjee had attempted to extort money from State's witness Rafiq Merchant;

- Although there were no current deals with Rafiq Merchant or with Suman Nepal, the State had attempted to make a deal with Rafiq Merchant, but he had been unable to make restitution;

- Mary Simmons was on the signature card with Appellant at Woodforest National Bank, and cash had been deposited into the account after the thefts;

- Detective Waller of the Dallas Police Department told Tarrant County that he was going to send the bills of lading to the USSS for analysis, but he did not follow up and instead had stopped his investigation due to his time restrictions and caseload; and, finally,

- Rafiq Merchant had brokered several deals with other Middle Eastern males, two of whom were Ashraf Moten and Sadiq LNU, and the State was not able to contact them.

Finally, also on the day of trial, the State gave another notice of *Brady* evidence in which the State reported that Appellant had made a purchase from Porter Truck Sales but that Appellant's Social Security number recorded in the transaction differed from his actual Social Security number by one number.

Appellant filed a motion for continuance, requesting additional time to investigate the numerous last-minute *Brady* disclosures. The trial court denied Appellant's motion. In the hearing on the motion for continuance, the State explained its failure to provide the information in a timely manner by stating that it had been willing to recommend deferred adjudication if Appellant made restitution. He was able to pay only a small portion of the restitution due, and

3

during the period of time that he was attempting to make the payments, the State was not preparing for trial. It was only after it became clear that Appellant would be unable to make the restitution that a trial date was set and trial preparation began in earnest.

Nevertheless, the State bears the obligation of disclosing material exculpatory or mitigating *Brady* evidence whether trial preparation has begun or whether a defendant is considering a plea offer.[3] The existence of such evidence can greatly influence both the offer the State makes and the defendant's decision to accept or reject the offer. The fact that a plea offer is on the table does not justify the State's failure to disclose material exculpatory or mitigating evidence.[4]

In this case, however, Appellant entered his guilty plea and waived all pretrial motions in writing. At the plea hearing, neither Appellant nor his counsel suggested that the trial court's denial of his motion for continuance influenced his

---

[3]*See Ex parte Ghahremani*, 332 S.W.3d 470, 474 n.5 (Tex. Crim. App. 2011) (citing *Brady*, 373 U.S. at 87, 83 S. Ct. at 1196–97, for the proposition that due process is violated when the State refuses to disclose requested evidence favorable to the defendant regarding either punishment or guilt, and *United States v. Bagley*, 473 U.S. 667, 681–82, 105 S. Ct. 3375, 3383 (1985), for the proposition that due process requires reversal if the State, regardless of whether the defense requests, fails to disclose material mitigating evidence); *Ex parte Lewis*, 587 S.W.2d 697, 701 (Tex. Crim. App. [Panel Op.] 1979) (holding that the State has a duty to disclose *Brady* evidence to defendants who plead guilty as well as those who go to trial); *but cf. United States v. Ruiz*, 536 U.S. 622, 630–33, 122 S. Ct. 2455–57 (2002) (holding, in case in which defendant ultimately pled guilty without a bargain, that prosecutors are not required to disclose *Brady impeachment* evidence before entering into plea bargain).

[4]*See Ghahremani*, 332 S.W.3d at 474 n.5; see also *Bagley*, 473 U.S. at 681–82, 105 S. Ct. at 3383; *Brady,* 373 U.S. at 87, 83 S. Ct. at 1196–97.

decision to plead guilty. Nowhere in the record did Appellant except from his waiver of pretrial motions the motion for continuance. Although the trial court certified his right to appeal, by waiving all pretrial motions, Appellant abandoned his complaint regarding the late disclosure of *Brady* material, his request for continuance, and the trial court's adverse ruling on that request.

Additionally, Appellant, in writing, stated, "I give up and waive any and all rights of appeal in this case." Although case law is clear that a boilerplate waiver of the right to appeal without a plea bargain agreement does not preclude a defendant's appealing trial error because error that has not yet occurred cannot be intelligently and knowingly waived,[5] the circumstances of Appellant's waiver are distinguishable. Here, Appellant filed no motions (other than a motion to continue the sentencing hearing) after entering his guilty plea. Appellant abandoned his pretrial motions and waived his right to appeal. Clearly at the time he entered his waivers, he was aware of the trial court's ruling on his motion for continuance. It is difficult to understand how abandonment of a pretrial motion and waiver of appeal regarding known rulings on pretrial motions could automatically be held to be made other than knowingly and intelligently.[6]

Under the facts of this case and the record before this court, we hold that Appellant abandoned his complaint regarding the trial court's denial of his motion

---

[5]*Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

[6]*See id*. at 616 (noting that defendant waived his right of appeal after sentencing).

5

for continuance by later waiving his pretrial motions and his right to appeal. We therefore overrule Appellant's sole issue and affirm the trial court's judgment.


LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 25, 2012